**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFFREY GREEN,

             Plaintiff-Appellant,

v.

CITY OF PHOENIX,

             Defendant-Appellee.

No.   19-16682

D.C. No. 2:15-cv-02570-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted September 18, 2020
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and HUNSAKER, Circuit Judges.

Jeffrey Green is a Sergeant in the Phoenix Police Department. In 2015, he

brought an action against the City of Phoenix alleging that, between 2012 and

2015, the City violated Title VII by retaliating against him for filing EEOC

charges, helping a subordinate file a sexual harassment complaint, and refusing to

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

aid his supervisor in conduct violating Title VII. Green's alleged damages, which were limited to pain and suffering, were not supported by any witnesses, evidence, or documentation other than his own testimony. Throughout the period relevant to his claims and continuing to the present time, Green has continued to be employed by the Phoenix Police Department.

The case went to trial and a jury returned a $1.5 million verdict for Green. The district court then vacated the jury verdict, granting the City's Rule 50 motion for judgment as a matter of law, which Green now appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Green claims that the City took adverse action against him in retaliation for engaging in activities protected by Title VII. To establish retaliation under Title VII, an employee must show that (1) he or she engaged in protected activity, (2) he or she experienced an adverse employment action, and (3) "his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013); *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034–35 (9th Cir. 2006). It is not sufficient to show that the protected activities were a motivating factor in the employer's decision. *Nassar*, 570 U.S. at 362–63.

The district court considered Green's claims and correctly concluded that, as to each, Green had failed to satisfy his burden to show a but-for causal connection between his protected activities and the adverse employment actions he later experienced.

First, Green did not establish but-for causation between his protected activity and the fitness-for-duty evaluation he was ordered to undergo in May 2012. As Green admits, no evidence shows that the Assistant Police Chief who ordered the work fitness evaluation had any knowledge of Green's prior protected activities. Green attempts to impute knowledge onto the Assistant Chief by arguing that both of Green's immediate supervisors knew of his protected actions. But Green fails to prove that his supervisors influenced the decision to order the evaluation. Without such proof, Green cannot succeed on his "cat's paw" theory. *Acosta v. Brain*, 910 F.3d 502, 514–15 (9th Cir. 2018). Regardless of whether temporal proximity alone can suffice to demonstrate but-for causation, *see Nassar*, 570 U.S. 338, Green did not satisfy his burden to prove causation under any but-for standard.

Second, Green failed to establish that his protected activity was a but-for cause of his second work fitness evaluation in August 2012. Green alleges he was required to undergo a second work fitness evaluation because he objected to his supervisor's disciplinary measures against a subordinate who made inappropriate

3

comments on Facebook: one calling another officer a hypocrite and one questioning a different officer's moral standards. Green claims that the disciplinary measures were actually prompted by a sexual harassment complaint that the subordinate had filed several months earlier, but Green's own admissions that the Facebook comments were inappropriate and disruptive show this claim to be unreasonable.

Third, Green failed to show that the City's claimed non-retaliatory reasons for giving him a poor performance review—and consequently transferring him out of his division—were mere pretext. Prior to receiving the unsatisfactory performance review, Green received negative feedback from his supervisors on multiple occasions. Green points to positive comments that he received alongside the negative feedback, but mixed feedback is not proof that the poor performance review was retaliatory or undeserved. The district court found that Green "failed to present specific and substantial evidence of pretext," and we agree.

Green also contends that the district court abused its discretion by excluding three specific pieces of evidence at trial. We disagree. The district court did not err by excluding as irrelevant testimony about Green's performance in other units before and after the period in question. Nor did the district court abuse its discretion by admitting evidence that Green filed a largely unrelated EEOC hostile

4

work environment complaint in 2009 while declining to admit the report's contents as more prejudicial than probative. Finally, the district court reasonably limited the testimony of a lay witness City employee to matters about which she had personal knowledge.

**AFFIRMED.**